UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN PAUL MCCLANE,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

CASE NO. 3:17-CV-05093-BHS-DWC

ORDER TO SHOW CAUSE

Plaintiff Stephen Paul McClane, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court: (1) declines to serve the Complaint, but provides Plaintiff leave to file an amended pleading by April 7, 2017, to cure the deficiencies identified herein; and (2) orders Plaintiff to show cause and explain why the Western District of Washington in Tacoma, Washington is the proper venue for this cause of action.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP") alleges in 2016 he was denied access to copy his records while housed in the Intensive Management

1 Unit. Dkt. 8 at 3. Plaintiff alleges Jackson & Lewis of Las Vegas was denied the right to copy his

2 file. *Id.* Plaintiff alleges these records are important to clarify his health status. *Id.*

3 Plaintiff requests access to his files and "not some infraction file that was to be given to

4 me." *Id.* at 4.

## DISCUSSION

6 Under the Prison Litigation Reform Act of 1995, the Court is required to screen

7 complaints brought by prisoners seeking relief against a governmental entity or officer or

8 employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

9 complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

10 state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

11 who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

12 152 F.3d 1193 (9th Cir. 1998).

13 In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

14 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

15 the violation was proximately caused by a person acting under color of state law. *See Crumpton*

16 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

17 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

18 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

19 named defendants caused, or personally participated in causing, the harm alleged in the

20 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

21 Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an

22 amended complaint.

23

24

**A. Improper Defendant**

Plaintiff names the Washington State Department of Corrections ("DOC") as the only named Defendant. Dkt. 7. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts.

Therefore, the DOC is a state agency which cannot be sued under § 1983, and should not be named as a defendant in an amended complaint.

**B. Deprivation of Property**

Plaintiff alleges he is being denied access to his records related to his health status. Dkt. 8 at 3. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May,* 502 F.2d 728, 730 (9th Cir.1974). However, only an authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. *Id.* at 534. The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees by allowing for a suit in Superior Court once a person has completed the state's tort claim process. *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (1986). To the extent Plaintiff is alleging he is being deprived of his personal property

1 | based on an unauthorized action, Washington state provides a post-deprivation remedy for the
2 | alleged action and thus, Plaintiff has not alleged a viable claim for relief.
3 |      If Plaintiff is alleging the basis for the deprivation is authorized, authorized deprivations
4 | of property are permissible if carried out pursuant to a regulation that is reasonably related to a
5 | legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 89 (1987). If Plaintiff wishes to
6 | proceed with a due process claim related to the deprivation of his personal property, he must
7 | identify the property that he was denied access to, who denied access to the property and whether
8 | the alleged deprivation was authorized or unauthorized. Plaintiff must provide more facts from
9 | which it may be inferred his constitutional rights were violated by any alleged deprivation of
10 | property and he should include all factual allegations relating to this claim in his amended
11 | complaint. Plaintiff must also identify a defendant whom allegedly violated his rights.
12 |     **C.**    **Access to Courts**
13 |      Plaintiff alleges Jackson & Lewis of Las Vegas was denied the right to copy Plaintiff's
14 | file while he was housed in the Intensive Management Unit at WSP. Dkt. 8 at 3. Although the
15 | nature of Plaintiff's claim is not clear, it appears Jackson & Lewis is a law firm, and he may be
16 | attempting to raise an access to courts claim.
17 |      Inmates have a "fundamental constitutional right of access to the courts." *Bounds v.*
18 | *Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes
19 | an affirmative duty on prison officials to assist inmates in preparing and filing legal papers,
20 | either by establishing an adequate law library or by providing adequate assistance from persons
21 | trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a
22 | prisoner must show some actual injury resulting from a denial of access in order to allege a
23 | constitutional violation. *Id*. at 349.
24 |

1   To establish he suffered an actual injury, Plaintiff must show "actual prejudice with
2   respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to
3   present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002);
4   *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588
5   F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct
6   criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3,
7   354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an
8   access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting*
9   *Lewis*, 518 U.S. at 353 & n. 4).

10   Plaintiff has not alleged any actual injury in his Complaint. Plaintiff has not alleged facts
11   demonstrating the denial of access to the courts in a non-frivolous direct criminal appeal, habeas
12   corpus proceeding, or § 1983 case. Further, Plaintiff fails to identify a defendant whom allegedly
13   violated Plaintiff's right of access to the courts. To succeed on an access to the courts claim,
14   Plaintiff must allege in more specific terms who harmed him and how the harm violated his right
15   of access to the courts.

16   **D.     Venue**

17   Plaintiff is housed at WSP and it appears his claims arise out of actions committed at
18   WSP. Dkt. 8. WSP is located in Walla Walla, Washington, which is within the venue of the
19   Eastern District of Washington. *See* 28 U.S.C. §§ 128(a).

20   Venue may be raised by the court *sua sponte* where the defendant has not filed a
21   responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486,
22   1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1)
23   the district in which any defendant resides, if all of the defendants reside in the same state; (2)
24

1  the district in which a substantial part of the events or omissions giving rise to the claim

2  occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a

3  judicial district in which any defendant may be found, if there is no district in which the action

4  may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court

5  has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28

6  U.S.C. § 1406(a).

7        Accordingly, the Court orders Plaintiff to show cause and explain why the Western

8  District of Washington in Tacoma, Washington is the proper venue for his § 1983 cause of

9  action. If Plaintiff fails to state a claim as to a defendant residing in or events occurring in the

10 Western District of Washington, the Eastern District of Washington will be the only proper

11 venue to hear this case.

12     **E.**    **Instructions to Plaintiff and Clerk**

13       If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

14 amended complaint. Within the amended complaint, he must write a short, plain statement telling

15 the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person

16 who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or

17 inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

18 what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*,

19 423 U.S. 362, 371–72, 377 (1976).

20       Plaintiff shall present the amended complaint on the form provided by the Court. The

21 amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

22 and not a copy, it should contain the same case number, and it may not incorporate any part of

23 the original complaint by reference. The amended complaint will act as a complete substitute for

24

1  the original Complaint, and not as a supplement. The Court will screen the amended complaint to
2  determine whether it contains factual allegations linking each defendant to the alleged violations
3  of Plaintiff's rights. The Court will not authorize service of the amended complaint on any
4  defendant who is not specifically linked to the violation of Plaintiff's rights.
5      If Plaintiff fails to file an amended complaint or fails to adequately address the issues
6  raised herein on or before April 7, 2017, the undersigned will recommend dismissal of this action
7  as frivolous pursuant to 28 U.S.C. § 1915.
8      The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
9  civil rights complaint and for service. The Clerk is further directed to send copies of this Order
10 and Pro Se Instruction Sheet to Plaintiff.
11     Dated this 7th day of March, 2017.

David W. Christel
United States Magistrate Judge